THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, an individual, *et al*., | CASE NO. C18-0753-JCC |
| Plaintiffs, | ORDER |
| v. | |
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation, | |
| Defendant. | |

Pursuant to the parties' stipulated motion for protective order (Dkt. No. 31), the Court ORDERS as follows:

**1.    Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Protective Order is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled

to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

**2.     "Confidential" Material**

"Confidential" material refers to documents and tangible things produced or otherwise exchanged that is personal or proprietary in nature and is generally to be protected from the public at large according to federal or state law. This includes but is not necessarily limited to: Defendant Allstate's claim files, claim handling policies and procedures, documents containing personal identifying information of insureds, documents containing personal health information, documents containing personal financial information, documents containing proprietary or competitive business information regarding business practices and/or policies, template correspondence to insureds, documents containing financial and/or valuation information, and documents containing business information of third parties.

"Personally-identifiable information" shall be defined as a person's: address, phone number, date of birth, social security number, driver's license number or other state identification number or foreign government equivalent, passport number, financial account number, payment card number, insurance claims numbers, or insurance policy numbers.

**3.     Scope**

The protections conferred by this Protective Order cover not only confidential material (as defined above), but also: (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own confidential material or any information obtained independent of the discovery proceedings in this action.

**4. Access to and Use of Confidential Material**

    4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Persons receiving or requesting confidential material shall not use or advocate the use of such documents in any manner contrary to the foregoing (unless obtained from sources other than this action). Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Protective Order.

    4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

    (a)    any party to this action, including the putative class representatives or counsel of record for any party in this action, as well as co-counsel, agents, and/or employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorneys' Eyes Only and is so designated;

    (c)    experts, mediators or other alternative dispute resolution personnel, consultants, or litigation support services, including all employees of such consultants, experts, or specialists, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the Court, court personnel, and court reporters and their staff;

ORDER
C18-0753-JCC
PAGE - 3

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or including any portion of such material that is designated confidential or otherwise discussing confidential content contained in such materials in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**5. Designating Protected Material**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate

standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>: The designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate to each page that contains confidential material.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 15 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. The designation of such confidential material shall contain page and line citations in accordance with paragraph 5.1 of this Protective Order. If a

party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or words "ATTORNEYS' EYES ONLY" as appropriate. If only a portion or portions of the information or items warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

**6. Challenging Confidentiality Designations**

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**7. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party or non-party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8. Unauthorized Disclosure of Protected Material**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

ORDER
C18-0753-JCC
PAGE - 7

this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**9.      Inadvertent Production of Privileged or Otherwise Protected Material**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d), as set forth herein.

**10.      Non Termination and Return of Documents**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material that is reasonably accessible to the producing party, including all copies and extracts. Alternatively, if the parties agree upon appropriate methods of destruction, the receiving party may destroy reasonably accessible confidential material in accordance with the agreed upon method of destruction.

Notwithstanding this provision, and even if such materials contain confidential information, counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product.

The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

//
//
//
//
//

ORDER
C18-0753-JCC
PAGE - 8

| | | |
|---|---|---|
| 1 | **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD** | |
| 2 | | |
| 3 | DATED: November 16, 2018. | COZEN O'CONNOR |
| 4 | | |
| 5 | | /s/ *William H. Walsh* <br> William W. Walsh, WSBA No. 21911 |
| 6 | | Anusha E. Jones, WSBA No. 52989 <br> COZEN O'CONNOR |
| 7 | | 999 Third Avenue, Suite 1900 <br> Seattle, Washington 98104 |
| 8 | | Telephone: 206.340.1000 <br> wwalsh@cozen.com |
| 9 | | aejones@cozen.com |
| 10 | | Wendy Enerson (*pro hac vice*) |
| 11 | | Peter J. Valeta (*pro hac vice*) <br> COZEN O'CONNOR |
| 12 | | 123 North Wacker Drive, Suite 1800 <br> Chicago, Illinois 60606 |
| 13 | | Telephone: 312.382.3100 <br> wenerson@cozen.com |
| 14 | | pvaleta@cozen.com |
| 15 | | ***Attorneys for Defendant Allstate Insurance Company*** |
| 16 | | |
| 17 | | |
| 18 | DATED: November 16, 2018. | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 19 | | |
| 20 | | /s/ *Steve W. Berman* <br> Steve W. Berman, WSBA #12536 |
| 21 | | HAGENS BERMAN SOBOL SHAPIRO LLP <br> 1301 Second Avenue, Suite 2000 |
| 22 | | Seattle, WA 98101 <br> Telephone: (206) 623-7292 |
| 23 | | steve@hbsslaw.com <br> rob@hbsslaw.com |
| 24 | | |
| 25 | | |
| 26 | | |

| | |
|---|---|
| 1 | Robert B. Carey (*pro hac vice*) |
| | John M. DeStefano (*pro hac vice*) |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 11 West Jefferson Street, Suite 1000 |
| 3 | Phoenix, AZ 85003 |
| | Telephone: (602) 224-2628 |
| 4 | johnd@hbsslaw.com |
| 5 | |
| | Marc A. Goldich (*pro hac vice*) |
| 6 | AXLER GOLDICH LLC |
| | 1520 Locust Street, Suite 301 |
| 7 | Philadelphia, Pennsylvania 19102 |
| | Telephone: (267) 534-7400 |
| 8 | mgoldich@axgolaw.com |
| 9 | |
| | David Woloshin (*pro hac vice* pending) |
| 10 | ASTOR WEISS KAPLAN & MANDEL LLP |
| | 200 South Broad Street, Suite 600 |
| 11 | Philadelphia, PA 19102 |
| | Telephone: (215) 790-0100 |
| 12 | dwoloshin@astorweiss.com |
| 13 | |
| | ***Attorneys for Plaintiffs*** |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | // |
| 19 | // |
| 20 | // |
| 21 | // |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |

1     PURSUANT TO STIPULATION, IT IS SO ORDERED.

2     IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 26th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Olberg, et al v. Allstate Insurance Company*, Case No. 18-cv-0573-JCC (W.D. Wash. 2018). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____