THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, an individual, CECILIA ANA PALAO-VARGAS, an individual, MICHAEL CLOTHIER, an individual, and JACOB THOMPSON, and individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation<br><br>Defendants. | Case No. 18-cv-00573 JCC<br><br>**ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants Allstate Insurance Company and Allstate Fire and Casualty Insurance Company (collectively, "Allstate"), by and through their attorneys, answer Plaintiffs' First Amended Complaint as follows:

## I.   NATURE OF THE CASE

1. Paragraph 1 contains legal conclusions, to which no response is required. To the extent a response is required, Allstate denies.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT - 1
CASE NO. 18-CV-00573 JCC

39895018\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

2. Answering Paragraph 2, Allstate denies that it violated any rules or laws referenced herein by Plaintiffs. Allstate further denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. Unless expressly admitted, Allstate denies all remaining allegations and inferences set forth in Paragraph 2.

3. Answering the first sentence of Paragraph 3, Allstate denies that any "condition adjustments" contained in the valuation report are arbitrary, un-itemized, unexplained, or in violation of Washington law. Allstate admits that the valuation reports it uses in the claims adjustment process may apply a condition adjustment resulting in either a deduction or addition to the valuation. Unless expressly admitted, Allstate denies all remaining allegations and inferences set forth in Paragraph 3.

4. Answering Paragraph 4, Allstate denies.

5. Paragraph 5 contains allegations regarding the nature of Plaintiffs' claims to which no response is required. Allstate denies that class certification is appropriate. Allstate denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. To the extent further response is required, Allstate denies the allegations set forth in Paragraph 5.

6. Paragraph 6 contains a request for relief and therefore does not require a response. To the extent a response is required, Allstate denies that Plaintiffs, on behalf of themselves and/or any putative class, are entitled to any relief by way of this action.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT - 2
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

## II. JURISDICTION

7. Answering the first sentence of Paragraph 7, Allstate admits only that this Court has jurisdiction due to complete diversity of the parties. Allstate denies that only minimal diversity exists. Allstate admits that it is a citizen of Illinois, is incorporated in Illinois, and has its principal place of business is in Illinois. Allstate is without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 7, and therefore denies the same.

8. Answering Paragraph 8, Allstate admits the United States District Court for the Western District of Washington has personal jurisdiction over Allstate in this action. Allstate Insurance Company admits that it is a corporation licensed and authorized to do business in Washington and has transacted business in King County, Washington. Allstate Fire and Casualty Insurance Company admits that it is a corporation licensed and authorized to do business in Washington and has transacted business in King County, Washington. Allstate is without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 8, and therefore denies the same.

## III. VENUE

9. Answering Paragraph 9, Allstate admits that venue is proper in this Court. Allstate denies all remaining allegations in Paragraph 9.

## IV. PARTIES

10. Answering Paragraph 10, Allstate admits that Plaintiffs Jeff Olberg and Cecilia Ana Palao-Vargas are and were residents of the State of Washington during the adjustment of their claims at issue in this litigation. Further answering Paragraph 10, Allstate admits on information and belief that Plaintiffs Michael Clothier and Jacob Thompson were residents of the State of Washington during the adjustment of their claims at issue in this litigation. Allstate is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations therein, and therefore denies the same.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 3
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

11.     Answering Paragraph 11, Allstate admits that Plaintiff Jeff Olberg was an insured under an Allstate Insurance Company private passenger automobile insurance policy, effective July 1, 2016 to January 1, 2017.  Allstate admits that, by endorsement, the Policy provides coverage for a "covered total loss," subject to the terms and conditions therein. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 11.

12.     Answering Paragraph 12, Allstate admits that Plaintiff Cecilia Ana Palao-Vargas was an insured under an Allstate Fire and Casualty Insurance Company private passenger automobile insurance policy, effective September 18, 2015 to March 18, 2016.  Allstate admits that Plaintiff Michael Clothier was an insured under an Allstate Fire and Casualty Insurance Company private passenger automobile insurance policy, effective November 12, 2016 to May 12, 2017.  Allstate further admits that Plaintiff Jacob Thompson was an insured under an Allstate Fire and Casualty Insurance Company private passenger automobile insurance policy, effective December 14, 2017 to June 15, 2018.  Allstate admits that, by endorsement, the Palao-Vargas Policy, Clothier Policy, and Thompson Policy each provide coverage for a "covered total loss," subject to the terms and conditions therein.  Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 12.

13.     Answering Paragraph 13, Allstate admits that Allstate Insurance Company and Allstate Fire and Casualty Insurance Company are underwriting companies and Illinois corporations with their principal places of business in Illinois.  Further answering Paragraph 13, Allstate asserts that Allstate Insurance Company and Allstate Fire and Casualty Insurance Company are wholly-owned subsidiaries of Allstate Insurance Holdings, LLC, which is a wholly-owned subsidiary of The Allstate Corporation.  Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 13.

V.     **FACTUAL ALLEGATIONS**

A.     **Allstate relies on manipulated data to underpay total loss claims.**

14.     Allstate incorporates herein its answers to Paragraphs 1-13.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT - 4
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

15. Answering Paragraph 15, Allstate admits that automobile insurance policies underwritten respectively by Allstate Insurance Company and Allstate Fire and Casualty Company are issued in the State of Washington, admits that both named Defendants are part of the Allstate Brand, and admits that the named Defendants file a consolidated annual statement as members of the Allstate Insurance Group. Further Answering Paragraph 15, Allstate admits on information and belief that Allstate Insurance Group is the fourth largest personal lines insurance company in the United States. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 15.

16. Answering Paragraph 16, Allstate admits that it endeavors to remain a reliable and trustworthy source of insurance coverage. Allstate further admits that "You're in good hands" is a trademark of Allstate and a motto used both internally and in advertising. Further answering Paragraph 16, Allstate states that language appearing on its website speaks for itself and denies the allegations of paragraph 16 to the extent they are inconsistent therewith. Further answering Paragraph 16, Allstate admits that Allstate Insurance Company and Allstate Fire and Casualty Company share a common corporate headquarters, file a combined annual report and tax return and have used valuation reports from CCC Information Services, Inc. Allstate denies the remaining allegations set forth in Paragraph 16.

17. Answering Paragraph 17, Allstate states that the terms and conditions of its standard form automobile policy in the State of Washington speak for themselves and denies the allegations set forth in Paragraph 17 to the extent they are inconsistent therewith.

18. Paragraph 18 contains legal conclusions, to which no response is required. To the extent a response is required, Allstate denies.

19. Answering Paragraph 19, Allstate states that the terms and conditions of its standard form automobile policy in the State of Washington speak for themselves and denies the allegations set forth in Paragraph 19 to the extent they are inconsistent therewith.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 5
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

20. Paragraph 20 contains legal conclusions, to which no response is required. To the extent a response is required, Allstate denies.

21. Paragraph 21 contains legal conclusions, to which no response is required. To the extent a response is required, Allstate denies.

22. Answering Paragraph 22, Allstate denies.

23. Answering Paragraph 23, Allstate denies.

24. Allstate admits that, as part of its claim adjustment process for a covered total loss under the policy, it may obtain a valuation report from third party CCC. Allstate states that the contents of such reports speak for themselves and deny the allegations of Paragraph 24 to the extent they are inconsistent therewith. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 24.

25. Answering Paragraph 25, Allstate denies that, in each and every case, it offers its insureds a claim settlement equivalent to the valuation amount found on the CCC report.

26. Allstate states that the contents of such reports speak for themselves and denies the allegations of Paragraph 26 to the extent they are inconsistent therewith. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 26.

27. Answering Paragraph 27, Allstate denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. Allstate states that the contents of such reports speak for themselves and denies the allegations of Paragraph 27 to the extent they are inconsistent therewith. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 27.

28. Answering Paragraph 28, Allstate denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 6
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. Allstate is without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 28, and therefore denies the same.

29. Answering Paragraph 29, Allstate denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. Allstate is without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 29, and therefore denies the same.

B. **Allstate underpaid the total loss claims of Plaintiffs.**

30. Answering Paragraph 30, upon information and belief, Allstate admits as to Plaintiff Palao-Vargas. Upon information and belief, Allstate admits that Plaintiff Olberg owned a vehicle which was involved in an accident and damaged. Allstate is without sufficient information to form a belief as to the truth of the remaining allegations therein, and denies the same.

31. Answering Paragraph 31, Allstate admits.

32. Answering Paragraph 32, Allstate admits that as part of the claims adjustment process of Plaintiffs' claims, it obtained valuation reports from third-party CCC. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 32.

33. Answering the first sentence of Paragraph 33, upon information and belief, Allstate admits that Plaintiff Jeff Olberg was an owner of a 2013 Ford Fusion Hybrid that was involved an accident in 2016. Allstate is without sufficient information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 33, and denies the same.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT - 7
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

Allstate admits that it offered and paid Olberg $16,370.68 (net $500 deductible). Allstate states that the contents of the valuation report speak for themselves and denies the allegations of Paragraph 33 to the extent they are inconsistent therewith. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 33.

34. Answering the first sentence of Paragraph 34, upon information and belief, Allstate admits. Allstate states that the contents of the valuation report speak for themselves and denies the allegations of Paragraph 34 to the extent they are inconsistent therewith. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 34.

35. Answering Paragraph 35, Allstate denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. Allstate states that the contents of the valuation report speak for themselves and denies the allegations of Paragraph 35 to the extent they are inconsistent therewith. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 35.

36. Answering Paragraph 36, upon information and belief, Allstate admits that Plaintiff Michael Clothier was an owner of a 2012 Dodge Laramie Longhorn that was totaled in an accident in December 2016. Allstate further asserts that the appraisal clause in Mr. Clothier's policy was invoked, and Mr. Clothier accepted the appraised value, which Allstate paid in addition to applicable taxes, license fees, and title transfer fees, minus deductible. Further answering Paragraph 36, upon information and belief, Allstate admits that Plaintiff Jacob Thompson was an owner of a 2013 Ford "Edge Limited" that was totaled in an accident in January 2018. Allstate further asserts that the appraisal clause in Mr. Thompson's policy was invoked, and Mr. Thompson accepted the appraised value, which Allstate paid in addition to applicable taxes, license fees, and title transfer fees, minus deductible. Further answering

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT - 8
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

Paragraph 36, Allstate denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. Allstate states that the contents of the appraisal reports and valuation reports speak for themselves and denies the allegations of Paragraph 36 to the extent they are inconsistent therewith. Allstate is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 36 insofar as they pertain to third party CCC, and therefore denies the same. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 36.

37. Answering Paragraph 37, Allstate denies Plaintiffs' characterization of the term "gray-market vehicles," denies that the term "gray-market vehicles" has any recognized definition in the context of negotiating and settling total loss auto claims, denies that "gray-market vehicles" are less valuable and that their prices are depressed, and denies that "gray-market vehicles" are inherently non-comparable vehicles. Allstate states that the contents of the valuation report speak for themselves and denies the allegations of Paragraph 37 to the extent they are inconsistent therewith. Unless expressly admitted, Allstate denies all other allegations and inferences set forth in Paragraph 37.

38. Answering Paragraph 38, Allstate denies.

39. Answering Paragraph 39, Allstate denies.

## VI.    CLASS ACTION ALLEGATIONS

40. Paragraph 40 contains allegations regarding the nature of Plaintiffs' claims to which no response is required. Allstate denies that class certification is appropriate and denies that this action satisfies any of the requirements of Federal Rule of Civil Procedure 23. To the extent further response is required, Allstate denies the allegations set forth in Paragraph 40.

41. Answering Paragraph 41 and all of its subparts, Allstate denies.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 9
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

42. Answering Paragraph 42, Allstate is without sufficient information to form a belief as to whether the exact number of putative class members cannot be determined, and therefore denies. Allstate denies all other allegations and inferences set forth in Paragraph 42.

43. Paragraph 43 contains allegations regarding the nature of Plaintiffs' claims to which no response is required. Allstate denies that class certification is appropriate. To the extent further response is required, Allstate denies the allegations set forth in Paragraph 43 and all subparts.

44. Answering the first and second sentences of Paragraph 44, Allstate is without sufficient information to form a belief as to the truth of the allegations made in therein, and therefore denies the same. Allstate denies all other allegations and inferences set forth in Paragraph 44.

45. Allstate is without sufficient information to form a belief as to the truth of the allegations made in Paragraph 45, and therefore denies the same.

46. Answering Paragraph 46, Allstate denies.

47. Answering the first sentence of Paragraph 47, Allstate denies. Allstate is without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 47, and therefore denies the same.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

48. Answering Paragraph 48, Allstate incorporates by reference its responses to all previous allegations.

49. Answering Paragraph 49, Allstate states that the terms and conditions of its standard form automobile policies in the State of Washington speak for themselves and denies the allegations set forth in Paragraph 49 to the extent they are inconsistent therewith.

50. Answering Paragraph 50, Allstate denies.

51. Answering Paragraph 51, Allstate denies.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 10
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

52. Answering Paragraph 52, Allstate denies.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

53. Answering Paragraph 53, Allstate incorporates by reference its responses to all previous allegations.

54. Paragraph 54 contains legal conclusions, to which no response is required. To the extent a response is required, Allstate denies.

55. Answering Paragraph 55, Allstate denies.

56. Answering Paragraph 56, Allstate denies.

57. Answering Paragraph 57, Allstate denies.

58. Answering Paragraph 58, Allstate denies.

## THIRD CAUSE OF ACTION

### (Consumer Protection Act-Violation of WASH. REV. CODE § 19.86.020)

59. Answering Paragraph 59, Allstate incorporates by reference its responses to all previous allegations.

60. Answering Paragraph 60, Allstate denies.

61. Answering Paragraph 61, Allstate denies.

62. Paragraph 62 contains legal conclusions, to which no response is required. To the extent a response is required, Allstate denies.

63. Answering Paragraph 63, Allstate denies.

## FOURTH CAUSE OF ACTION

### (Declaratory and Injunctive Relief)

64. Answering Paragraph 64, Allstate incorporates by reference its responses to all previous allegations.

65. Paragraph 65 contains allegations regarding the nature of Plaintiffs' claims to which no response is required. Allstate denies that class certification, injunctive relief, or

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 11
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

declaratory relief are appropriate. To the extent further response is required, Allstate denies the allegations set forth in Paragraph 65.

66. Paragraph 66 contains legal conclusions, to which no response is required. To the extent a response is required, Allstate denies.

67. Paragraph 67 contains allegations regarding the nature of Plaintiffs' claims to which no response is required. Allstate denies that class certification or declaratory relief are appropriate. To the extent further response is required, Allstate denies the allegations set forth in Paragraph 67.

68. Answering the first sentence of Paragraph 68, Allstate denies. The remainder of Paragraph 68 contains allegations regarding the nature of Plaintiffs' claims to which no response is required. Allstate denies that class certification or injunctive relief is appropriate. To the extent further response is required, Allstate denies the allegations set forth in Paragraph 68.

**PRAYER FOR RELIEF**

Allstate denies Plaintiffs' Prayer for Relief in its entirety.

ALLSTATE DENIES EACH AND EVERY ALLEGATION IN PLAINTIFFS' COMPLAINT UNLESS EXPRESSLY ADMITTED HEREIN.

**JURY DEMAND**

Plaintiffs' jury demand does not call for a response from Allstate.

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Allstate sets forth the following affirmative and other defenses, on personal knowledge as to its own actions and on information and belief as to the actions of others. By asserting the following Affirmative Defenses, Allstate does not concede or admit that it bears or has assumed any burden of proof therewith. The claims of Plaintiffs and members of the putative class vary substantially, rendering it impossible for Allstate to articulate all defenses against all putative class members.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT - 12
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

Allstate reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable:

1. Plaintiffs' claims, as well as those of the putative class members, are barred in whole or in part to the extent the Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs and any putative class member are unable to prove a violation of RCW § 19.86 *et seq.*, including but not limited to their inability to prove that they suffered any damages in the form of injury to business or property caused by any unfair or deceptive act as required by RCW § 19.86.

3. Allstate's liability, if any, may be barred and/or limited by, and/or subject to the terms, exclusions, conditions, definitions, endorsements, limits of liability, and other terms in the policy or policies.

5. Allstate's liability, if any, may be barred to the extent that the Plaintiffs and/or any putative class members have not performed and/or complied with all of the obligations, conditions, and duties precedent and subsequent in the policy.

6. There may be no coverage to the extent that the Plaintiffs have prejudiced Allstate's rights under the policy or at law.

7. The claims of Plaintiffs and any putative class member are barred in whole or in part to the extent doctrines such as release, acquiescence, assent and/or voluntary payment are determined to apply.

8. The claims of Plaintiffs and any putative class member are barred, in whole or in part, to the extent equitable doctrines, including but not limited to laches, ratification, estoppel, waiver, invited error, and/or unclean hands, are determined to apply.

9. The claims of Plaintiffs and any putative class member are barred to the extent that Plaintiffs acquiesced and/or consented to the conduct of which they now complain.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 13
CASE NO. 18-CV-00573 JCC

39895018\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

10. The claims of Plaintiffs and any putative class member are time-barred, in whole or in party, to the extent that any relevant statute of limitations or other applicable doctrine so provides.

11. The claims of Plaintiffs and any putative class members are barred in whole or part based upon a failure to mitigate any damages.

12. Any award to Plaintiffs and/or any putative class member in this action would constitute unjust enrichment.

13. Plaintiffs' Complaint should be dismissed to the extent that there is no justiciable case or controversy.

14. The claims of Plaintiffs' and any putative class members are barred, in whole or in part, to the extent that they lack standing.

15. Plaintiffs are not the proper representative to bring an action on behalf of any proposed class.

16. Plaintiffs have failed to plead class allegations with the particularity required by Fed. R. Civ. P. 23 and/or LCR 23.

17. Plaintiffs will not be able to carry their burden of meeting the criteria set forth under Fed. R. Civ. P. 23 and/or LCR 23 to maintain this case as a class action for reasons including but not limited to the following:  Plaintiffs do not or cannot fairly and adequately represent any class, Plaintiffs' claims are atypical of the putative class, there are no common questions of fact or law that predominate over individual questions, a class action is not superior to other means of resolving the issues presented in this lawsuit, and the interests of the putative class are inconsistent and conflicting. Many issues in this case are fact specific and unsuitable for resolution by way of a class action.  Allstate may have additional affirmative defenses to assert against class certification and reserves its right to assert those affirmative defenses in a timely fashion.

18. Plaintiffs and/or the putative class members are barred by res judicata.

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 14
CASE NO. 18-CV-00573 JCC

39895018\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

19. Plaintiffs and/or the putative class members are not entitled to any relief, because they sustained no injury or damages as a result of any action or omission or any conduct by Allstate.

20. The claims of Plaintiffs and/or some or all of the putative class members are barred because they have assigned to others any right to pursue such claims.

21. The claims of Plaintiffs and/or some or all of the putative class members are barred by the appraisal provision(s) in the policy and under applicable Washington law.

22. Allstate reserves the right to strike any affirmative defenses that it later learns are not applicable and to add any affirmative defenses that are later revealed through the discovery process or otherwise.

## **RESERVATION OF RIGHTS TO AMEND**

Allstate reserves the right to amend this Answer to Plaintiffs' Complaint, and to amend, add, or strike affirmative defenses as may appear merited or as to be without merit, and to assert new or additional counterclaims, cross claims and/or third-party claims as may be warranted by additional facts or circumstances that may be obtained through further information, discovery or proceedings.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiffs' Complaint, and having asserted its affirmative defenses, Allstate prays for judgment as follows:

A. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

B. That this Court deny Plaintiffs' request for class certification with prejudice;

C. That this Court declare that Allstate did not violate the Washington Consumer Protection Act or any other statute or law referenced in the Complaint;

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 15
CASE NO. 18-CV-00573 JCC

39895018\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

D. That Allstate be awarded judgment against Plaintiffs for its defense costs, disbursements and expenses, including reasonable attorneys' fees, to the extent permitted by law; and

E. For such other relief as the Court may deem just and proper.

DATED: February 8, 2019.

COZEN O'CONNOR

By: */s/ William H. Walsh*
William H. Walsh, WSBA No. 21911
E-mail: wwalsh@cozen.com
Anusha E. Jones, WSBA No. 52989
E-mail: aejones@cozen.com

999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000

COZEN O'CONNOR

Wendy Enerson (pro hac vice)
E-mail: wenerson@cozen.com
Peter J. Valeta (pro hac vice)
E-mail: pvaleta@cozen.com

123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.382.3100

Attorneys for Defendant Allstate Insurance Company

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 16
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Steve W. Berman (WSBA #12536) <br> HAGENS BERMAN SOBOL SHAPIRO LLP <br> 1918 Eighth Avenue, Suite 3300 <br> Seattle, WA 98101 <br> Telephone: (206) 623-7292 <br> steve@hbsslaw.com <br> rob@hbsslaw.com <br> *Attorneys for Plaintiffs* | Robert B. Carey (*pro hac vice*) <br> John M. DeStefano (*pro hac vice*) <br> HAGENS BERMAN SOBOL SHAPIRO LLP <br> 11 West Jefferson Street, Suite 1000 <br> Phoenix, AZ 85003 <br> Telephone: (602) 224-2628 <br> johnd@hbsslaw.com <br> *Attorneys for Plaintiffs* |
| Marc A. Goldich (*pro hac vice*) <br> AXLER GOLDICH LLC <br> 1520 Locust Street, Suite 301 <br> Philadelphia, Pennsylvania 19102 <br> Telephone: (267) 534-7400 <br> mgoldich@axgolaw.com <br> *Attorneys for Plaintiffs* | David Woloshin (*pro hac vice*) <br> ASTOR WEISS KAPLAN & MANDEL LLP <br> 200 South Broad Street, Suite 600 <br> Philadelphia, PA 19102 <br> Telephone: (215) 790-0100 <br> dwoloshin@astorweiss.com <br> *Attorneys for Plaintiffs* |

DATED:    February 8, 2019.

*/s/ Dava Bowzer*
Dava Bowzer, Legal Assistant

ALLSTATE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - 17
CASE NO. 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

39895018\1