THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFF OLBERG, *et al.*,

        Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY, *et al.*,

        Defendants.

CASE NO. C18-0573-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion for leave to amend their complaint and add parties (Dkt. No. 43). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

On April 18, 2018, Plaintiffs initiated this class action against Defendant Allstate Insurance Company, alleging that Defendant violated the Washington Consumer Protection Act, Revised Code of Washington section 19.86, by relying on manipulated automobile valuation data ("condition adjustments") to underpay Plaintiffs' total claims for insured loss vehicles. (*See* Dkt. No. 1 at 5–10.) Plaintiffs allege that in making these condition adjustments, Defendant used valuation reports provided by CCC Information Services ("CCC") which "purport[ed] to contain values for comparable used vehicles recently sold or for sale in the geographic area of the

insured" as a basis for valuing loss vehicles. (*Id.* at 6.) Plaintiffs allege that Defendant instructed CCC regarding the data included in CCC's reports and decided "whether to base the valuation on gray-market vehicles that are not comparable to the insured vehicle." (*Id.*) In its answer, Defendant generally denied Plaintiffs' allegations, but admitted to using CCC's valuation reports. (*See generally* Dkt. No. 25.) Plaintiffs amended their complaint, joining Plaintiffs Michael Clothier and Jacob Thompson and Defendant Allstate Fire and Casualty Insurance Company, and adding allegations related to those parties. (*See* Dkt. No. 36.) Per the extended case schedule, the parties will file pleadings regarding class certification beginning September 20, 2019. (*See* Dkt. No. 40.)

Plaintiffs again move to amend their complaint to join CCC as a Defendant; to add allegations regarding gray market vehicles and CCC's role in the calculation and use of condition adjustments; to allege Defendants' and CCC's conspiracy; and to clarify the class definition. (*See* Dkt. No. 43 at 1.) Plaintiffs claim that their proposed amendments will "aid in efficient adjudication" of Plaintiffs' claims and are based on newly discovered evidence. (*See* Dkt. Nos. 43 at 1–3, 44 at 2; *see also* Dkt. No. 44-3.) Defendants oppose Plaintiffs' motion to amend, alleging that the proposed amendments are made in bad faith, unduly delayed, prejudicial, and futile. (*See* Dkt. No. 45 at 2.)

## II. DISCUSSION

### A. Pleading Amendment Standard

A party may amend a pleading once as a matter of course, subject to Federal Rule of Civil Procedure 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has discretion to grant or deny a request to amend, but must provide justification when it denies a request. *Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine whether to grant a party leave to amend a complaint, the Court considers whether the proposed amendments: are made in bad faith and/or with undue delay;

prejudice the opposing party; or are futile. *See id.*; *see also United States v. Corinthian Coll.'s*, 655 F.3d 984, 995 (9th Cir. 2011). The Court also considers whether the plaintiff already amended the complaint. *Id.* "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); s*ee also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987).

A party may join "as many claims as it has against an opposing party," including contingent claims. Fed. R. Civ. P. 18. Joinder of a party is required if that party's absence would: constrain the relief available to existing parties; impair that party's opportunity to be heard on that issue; or increase an existing party's obligations. *See* Fed. R. Civ. P. 19(a). Joinder of a party as a defendant is permitted if a claim against that party arises out of the same transaction or occurrence, and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

The parties do not dispute that CCC was involved in the calculation of condition adjustments that are the subject of Plaintiffs' claims. (*See generally* Dkt. Nos. 36, 37, 44-3, 45.) There are common questions of law and fact as to CCC's and Defendants' actions and duties. (*See generally* Dkt. Nos. 36, 37, 44-3, 45.) Thus, joinder of CCC as a Defendant is proper. Fed. R. Civ. P. 20. The Court will next evaluate other factors pertaining to Plaintiffs' proposed amendments.

**B.     Bad Faith and Undue Delay**

Defendants allege that Plaintiffs' proposed amendments are dilatory and made in bad faith because Plaintiffs referenced CCC in their original complaint yet failed to name CCC as a party. (Dkt. No. 45 at 2.) Defendants argue that Plaintiff Clothier's testimony indicates that Plaintiffs should have known the facts underlying their added gray market vehicle allegations at the time of their initial complaint. (*See id.* at 7–8.) Defendants further argue that Plaintiffs' amendments unreasonably delay the Court and the parties. (*Id.* at 4–5.)

Defendants have not shown that Plaintiffs knew or should have known the facts contained in their proposed amendments such that they should have included those facts in their initial complaint. *Cf. Herzog v. Prop. & Cas. Ins. Co. of Hartford*, Case No. C16-5083-KLS, Dkt. No. 48 at 3–6 (W.D. Wash. 2017); *cf. AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Plaintiffs cite to new evidence obtained during discovery as the source of their proposed amendments regarding gray market vehicles and CCC's involvement. (*See* Dkt. Nos. 43, 44.) Plaintiffs' actions do not suggest bad faith or undue delay: Plaintiffs moved to amend within a reasonable time of receiving Defendants' supplementary discovery responses and portions of Defendants' contract with CCC, and after the parties' telephonic conferences regarding discovery matters. (*See* Dkt. No. 43 at 2.) Moreover, the deadlines for class certification are still months away. (*See* Dkt No. 40.) Thus, Plaintiffs' motion to amend does not unduly delay litigation.

### C.     Futility of Claims

Defendants claim that Plaintiffs' proposed conspiracy claim is futile because they do not allege facts demonstrating the plausibility of a conspiracy claim—specifically, the plausibility of the "agreement to conspire" element of a conspiracy offense. (Dkt. No. 45 at 6); *see also Cmty. Ass'n for Restoration of the Env't, Inc. v. Henry Bosma Dairy*, 2014 WL 12843043, slip op. at 4 (E.D. Wash. 2014) (holding that the proper test for futility is identical to the plausibility test for a Rule 12(b)(6) motion to dismiss); *see also Lundquist v. First Nat'l Ins. Co. of Am.*, Case No. C18-5301-RJB, Dkt. No. 89 at 3–4 (W.D. Wash. 2019) (providing elements of a conspiracy offense).[1] But the plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery

---

[1] The Court has also applied a broader futility standard, which finds an amendment to be futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, Case No. C11-5847-RJB, Dkt. No. 124 at 3 (W.D. Wash. 2012); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

will reveal evidence of illegal agreement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The parties do not dispute that CCC was directly involved in the transactions underlying Plaintiffs' claims. (*See generally* Dkt. Nos. 36, 37, 44-3, 45.) The parties also do not dispute that an agreement existed between CCC and Defendants. (*See* Dkt. No. 44 at 2.) Therefore, Plaintiffs' conspiracy claim is not futile, as Plaintiffs' allegations raise a reasonable expectation that discovery will shed further light on their proposed conspiracy claim.

### D. Prejudice to Opposing Party

Defendants claim that Plaintiffs' amendments would be prejudicial because they would change the nature of the suit, require duplicative discovery and depositions, increase litigation costs, and conflate the actions and duties of CCC and Defendants. (*See* Dkt. No. 45 at 2, 4–5.) For the reasons already set forth by the Court, and for the sake of judicial efficiency, Defendants' claim of prejudice does not outweigh the reasons for allowing the amendment.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend complaint and add parties (Dkt. No. 43) is GRANTED. Plaintiffs shall file their second amended complaint within 14 days of the date this order is issued.

DATED this 9th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE