THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9  JEFF OLBERG, an individual *et al*.,            CASE NO. C18-0573-JCC

10                              Plaintiffs,          ORDER

11            v.

12  ALLSTATE INSURANCE COMPANY, an
    Illinois corporation *et al*.,
13
                              Defendants.
14

15

16        Pursuant to the parties' stipulated motion for a protective order between Plaintiffs and

17  Defendant CCC Information Services, Inc. (Dkt. No. 81), the Court hereby ORDERS as follows:

18  **1. PURPOSES AND LIMITATIONS**

19        Discovery in the above-captioned action (the "Action") is likely to involve production of

20  confidential, proprietary, or private information for which special protection may be warranted.

21  Accordingly, Plaintiffs Jeff Olberg, Cecilia Palao-Vargas, Michael Clothier, Jacob Thompson,

22  and Defendant CCC Information Services, Inc. (collectively, the "Parties") hereby stipulate to

23  and petition the Court to enter the following stipulated protective order.

24        The Parties acknowledge that this agreement is consistent with Western District of

25  Washington Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or

26  responses to discovery, the protection it affords from public disclosure and use extends only to

ORDER
C18-0573-JCC
PAGE - 1

1   the limited information or items that are entitled to confidential treatment under the applicable

2   legal principles, and it does not presumptively entitle the Parties to file such information and

3   items under seal.

4       The Parties held numerous conferrals over the course of several months including on

5   August 22, 2019, October 2, 2019 and October 29, 2019 with such conferences having been

6   attended generally by John DeStefano, Tory Beardsley, Jason Burt and Steven Pacini.

7   **2.  "PROTECTED" MATERIAL**

8       "Protected" material shall include all documents, electronically stored information, and

9   tangible things (collectively, "Material") properly designated as "CONFIDENTIAL" or

10  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as those terms are defined in the

11  subsections below, that is produced or otherwise exchanged in the Action:

12      **2.1.**  CONFIDENTIAL Material. Material may be designated as "Confidential" if the

13  producing party reasonably believes such Material is not in the public domain and contains any

14  trade secret or other confidential, strategic, research, development, or commercially sensitive

15  information. This term includes, but is not limited to, for example, the following Material

16  produced or otherwise exchanged:

17      **2.2.**  non-public financial records;

18      **2.3.**  non-public revenue and profit records;

19      **2.4.**  non-public Material relating to future products and/or services not yet

20  commercially released;

21      **2.5.**  non-public Material relating to business, marketing, and/or product strategy;

22      **2.6.**  non-public Material relating to commercial or settlement agreements;

23      **2.7.**  non-public Material relating to market and/or competitive analyses;

24      **2.8.**  non-public Material relating to any governmental or regulatory inquiry; and

25      **2.9.**  the material of any third party which, if it were discovery material, would qualify

26  for treatment as CONFIDENTIAL Material under this order.

ORDER
C18-0573-JCC
PAGE - 2

1    **2.10.**   <u>HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material</u>. Material

2  may be designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the

3  producing party reasonably believes such Material:

4      (a)   is subject to federal, state, local, or foreign data protection laws or

5            regulations, or other privacy obligations; or

6      (b)   reflects CONFIDENTIAL Material (as defined above), but which also

7            reflects: (i) non-public Material relating to product design and testing;

8            (ii) non-public Material relating to trade secrets; or (iii) non-public

9            Material relating to other types of proprietary or highly confidential

10           business, financial, regulatory, or strategic information (*e.g.*, business

11           plans, technical data, non-public designs), the disclosure of which would

12           create a substantial risk of competitive or business injury to the

13           designating Party or third parties associated therewith.

14  **3. SCOPE**

15     The protections conferred by this agreement cover not only Protected Material (as

16  defined above), but also:

17      (a)   any information copied or extracted from Protected Material;

18      (b)   all copies, excerpts, summaries, or compilations of Protected Material; and

19  any testimony, conversations, or presentations by the Parties or their counsel that might reveal

20  Protected Material.

21     However, the protections conferred by this agreement do not cover Material that is in the

22  public domain or becomes part of the public domain through trial or otherwise.

23  **4.  ACCESS TO AND USE OF PROTECTED MATERIAL**

24     **4.1.**   <u>Basic Principles</u>. A receiving party may use Protected Material that is disclosed or

25  produced by another party or by a non-party in connection with this case only for prosecuting,

26  defending, or attempting to settle the Action. Protected Material may be disclosed only to the

1  categories of persons and under the conditions described in this agreement. Protected Material

2  must be stored and maintained by a receiving party at a location and in a secure manner that

3  ensures that access is limited to the persons authorized under this agreement.

4       **4.2.**    <u>Disclosure of "CONFIDENTIAL" Material</u>. Unless otherwise ordered by the

5  Court or permitted in writing by the designating party, a receiving arty may disclose Protected

6  Material designated as CONFIDENTIAL only to:

7          (a)    the receiving party's attorneys of record who have entered an appearance

8                    for a party in the Action and, if the attorney of record is a member of a law

9                    firm, the attorneys, paralegals, and staff of the law firm to whom it is

10                   reasonably necessary to disclose the Protected Material designated

11                   CONFIDENTIAL for the Action (collectively, "Counsel");

12         (b)    the officers, directors, and employees (including in-house counsel) of the

13                   receiving Party to whom disclosure is reasonably necessary for the Action;

14         (c)    independent Experts or Consultants (defined *infra* in Part 7.1), whether

15                   testifying or non-testifying, who have been retained by a party or by

16                   Counsel for a party to assist with the technical, financial or other aspects

17                   of the Action, and staff employed by such Experts or Consultants, but only

18                   after the Expert or Consultant has executed the "Acknowledgment and

19                   Agreement to Be Bound" (Exhibit A);

20         (d)    the Court, court personnel, and court reporters and their staff;

21         (e)    copy and clerical litigation, document management, and electronic data

22                   support services working at the direction of Counsel, provided that the

23                   Counsel retaining the copy or imaging service instructs the service not to

24                   disclose any CONFIDENTIAL Material to third parties and to

25                   immediately return all originals and copies of any CONFIDENTIAL

26                   Material;

(f)     graphics, translation, design, jury research consultants, and/or trial

consulting personnel working at the direction of Counsel, provided that

the Counsel retaining the copy or imaging service instructs the service not

to disclose any HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY Material to any person or entity not authorized to receive it under

this Agreement, and to immediately return all originals and copies of any

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material;

(g)     during their depositions, witnesses in the Action to whom disclosure is

reasonably necessary and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

designating Party or ordered by the Court. Pages of transcribed deposition

testimony or exhibits to depositions that reveal CONFIDENTIAL Material

must be separately bound by the Court reporter and may not be disclosed

to anyone except as permitted under this agreement; and

(h)     the author or recipient of Material containing the CONFIDENTIAL

information or a custodian or other person who otherwise possessed or

knew the CONFIDENTIAL information.

**4.3.**     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

Material. Unless otherwise ordered by the Court or permitted in writing by the designating party,

a receiving party may only disclose Protected Material designated as HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY to:

(a)     the receiving party's Counsel;

(b)     independent Experts or Consultants (defined *infra* in Part 7.1), whether

testifying or non-testifying, who have been retained by a party or by

Counsel for a party to assist with the technical, financial, or other aspects

of the Action, and staff employed by such Experts or Consultants, but only

1          after the Expert or Consultant has executed the "Acknowledgment and

2          Agreement to Be Bound" (Exhibit A), and as to whom the procedures set

3          forth in Part 7 of this agreement have been followed;

4   (c)   the Court, court personnel, and court reporters and their staff;

5   (d)   copy and clerical litigation, document management, and electronic data

6          support services working at the direction of Counsel, provided that the

7          Counsel retaining the copy or imaging service instructs the service not to

8          disclose any HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

9          Material to any person or entity not authorized to receive it under this

10          areement, and to immediately return all originals and copies of any

11          HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material;

12   (e)   graphics, translation, design, jury research consultants, and/or trial

13          consulting personnel working at the direction of Counsel, provided that

14          the Counsel retaining the copy or imaging service instructs the service not

15          to disclose any HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

16          ONLY Material to any person or entity not authorized to receive it under

17          this agreement, and to immediately return all originals and copies of any

18          HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material;

19   (f)   during their depositions, witnesses in the Action to whom disclosure is

20          reasonably necessary and who have signed the "Acknowledgment and

21          Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

22          designating party or ordered by the Court. Pages of transcribed deposition

23          testimony or exhibits to depositions that reveal HIGHLY

24          CONFIDENTIAL – ATTORNEY'S EYES ONLY Material must be

25          separately bound by the Court reporter and may not be disclosed to anyone

26          except as permitted under this agreement; and

(g)     the author or recipient of Material containing the HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information or a custodian or other person who otherwise possessed or knew the HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information.

**4.4.**    <u>Filing Protected Material</u>. Before filing Protected Material or discussing or referencing such Material in Court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the Material can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must provide the basis for sealing the specific Protected Material at issue and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file Material under seal. A party who seeks to maintain the confidentiality of its Protected Material must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1.**    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates Material for protection under this agreement will make reasonable efforts to limit any such designation to specific information that qualifies under the appropriate standards. The designating party may, after performing a linear review of any document or ESI, apply the highest-level confidentiality designation that properly applies to any information found therein. Document-level confidentiality designations in the first instance are reasonable and appropriate where, as in the Action, the Parties will likely need to collect, review, and produce a large volume of ESI. If the receiving party reasonably anticipates that it will attach such

1   documents or ESI to any filing, or use those documents or ESI at a deposition, hearing, or trial,

2   then the receiving party may request that the producing party reproduce the documents and/or

3   ESI with designations applied to only those parts of the Material that qualifies, so that other

4   portions of the Material for which protection is not warranted are not swept unjustifiably within

5   the ambit of this agreement.

6        If it comes to a designating party's attention that information or items that it designated

7   for protection do not qualify for protection, the designating party must promptly notify all other

8   parties that it is withdrawing the mistaken designation.

9        **5.2.**   Manner and Timing of Designations. Except as otherwise provided in this

10  agreement (*see*, *e.g.*, Part 5.2(c) below), or as otherwise stipulated or ordered, disclosure of

11  discovery Material that qualifies for protection under this agreement (*i.e.*, Protected Material)

12  must be clearly so designated before or when the Material is disclosed or produced.

13        (a)   Information in Documentary Form. With respect to information in

14                documentary form (*e.g.*, paper or electronic documents and deposition

15                exhibits, but excluding transcripts of depositions or other pretrial or trial

16                proceedings), the designating party must affix, as appropriate, the word

17                "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S

18                EYES ONLY" to each page that contains Protected Material.

19        (b)   Testimony Given in Deposition or in Other Pretrial Proceedings. With

20                respect to testimony given in depositions or other pretrial proceedings, the

21                Parties and any participating non-parties must identify on the record,

22                during the deposition or other pretrial proceeding, all testimony that

23                qualifies as Protected Material, without prejudice to their right to so

24                designate other testimony after reviewing the transcript. Any party or non-

25                party may, within 15 days after receiving the transcript of the deposition

26                or other pretrial proceeding, designate portions of the transcript, or

ORDER
C18-0573-JCC
PAGE - 8

exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEY'S EYES ONLY." If a party or non-party desires to limit the
disclosure of Protected Material at trial, the issue should be addressed
during the pre-trial conference.

(c)   Other tangible items. With respect to other tangible items, the producing
party must affix in a prominent place on the exterior of the container or
containers in which the information or item is stored the words
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S
EYES ONLY." If only a portion or portions of the Material warrants
protection, the producing party, to the extent practicable, shall identify the
protected portion(s).

**5.3.**   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
designate Protected Material does not, standing alone, waive the designating party's right to
secure protection under this agreement for such Material. Upon timely correction of a
designation, the receiving party must make reasonable efforts to ensure that the Material is
treated in accordance with the provisions of this agreement.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1.**   Timing of Challenges. Any party or non-party may challenge a designation of
confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
challenge a confidentiality designation by electing not to mount a challenge promptly after the
original designation is disclosed.

**6.2.**   Meet and Confer. The Parties must make every attempt to resolve any dispute
regarding confidentiality designations without court involvement. Any motion regarding
confidential designations or for a protective order must include a certification, in the motion or in

1  a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer

2  conference with other affected parties in an effort to resolve the dispute without court action. The

3  certification must list the date, manner, and participants to the conference. A good faith effort to

4  confer requires a face-to-face meeting or a telephone conference.

5        **6.3.**    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

6  intervention, the designating party may file and serve a motion to retain confidentiality under

7  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

8  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

9  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

10  other parties) may expose the challenging party to sanctions. The Parties shall continue to

11  maintain the Material in question as confidential until the Court rules on the challenge.

12      **7. INDEPENDENT EXPERTS AND CONSULTANTS**

13        **7.1.**    <u>Defining "Experts" and "Consultants"</u>. The terms "Experts" and "Consultants," as

14  used throughout this agreement, whether in the singular or plural form, shall mean persons with

15  specialized knowledge and experience in a matter pertinent to the Action who have been retained

16  by a party or its counsel to serve as an expert witness or as a consultant in the Action;

17        **7.2.**    <u>Transmission of HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY</u>

18  <u>Material to Experts and Consultants</u>. Unless otherwise ordered by the Court or agreed to in

19  writing by the designating party, a party that seeks to disclose to an Expert or Consultant any

20  Material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  first must make a written request to the designating party that:

22            (a)    identifies the general categories of "HIGHLY CONFIDENTIAL –

23                 ATTORNEYS' EYES ONLY" Material that the receiving party seeks

24                 permission to disclose to the Expert or Consultant;

25            (b)    sets forth the full name of the Expert or Consultant and the city and state

26                 of his or her primary residence;

(c)     attaches a copy of the Expert or Consultant's current resume;

(d)     identifies each person or entity from whom the Expert or Consultant has received compensation or funding for work in his or her areas of expertise or to whom the Expert or Consultant has provided professional services, including in connection with any litigation, at any time during the preceding five years and the party to the litigation for whom such work was done; and

(e)     with regard to the information sought above in Parts 7.2 (a)-(d), if the Expert or Consultant believes any of this information is subject to a confidentiality obligation to a third party, then the Expert or Consultant should provide whatever information the Expert or Consultant believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material to the Expert shall be available to meet and confer with the designating party regarding any such engagement.

(f)     Fourteen Day Period for Objections to Disclosure. A party that discloses an Expert or Consultant and seeks to provide the information specified in Part 2.10 may disclose the subject Protected Material to the identified Expert or Consultant unless, within 14 days of identifying the Expert or Consultant to the designating Party, the designating party provides written objections to the party seeking to make the disclosure. No Material designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be disclosed to such Expert(s) or Consultant(s) until after the expiration of the foregoing notice period or the resolution of any timely objections. If an objection is lodged, it shall state with particularity the ground(s) of the objection and the specific categories of documents that

1    are the subject of the objection.

2    (g)    Objections to Experts or Consultants Employed by Competitors: The

3    producing party reserves all rights to object to Experts or Consultants

4    who:

5    (1)    are a current employee of a party or of a party's competitor;

6    (2)    have been employed by a party or a party's competitor for the past

7    ten years; or

8    (3)    at the time of retention, are anticipated to become an employee of a

9    party or of a party's competitor.

10    (h)    Resolution of Timely Written Objections. If the producing party lodges a

11    timely written objection to disclosure of HIGHLY CONFIDENTIAL –

12    ATTORNEY'S EYES ONLY Material pursuant to Part 7.2(f), then the

13    Parties should meet and confer via teleconference or in person within 10

14    days of the written objection. If no agreement is reached, the party seeking

15    to make the disclosure to the Expert or Consultant may file a motion as

16    provided for in Local Civil Rule 7 seeking permission from the court to do

17    so. Any motion filed pursuant to Part 7.2(h) must describe the

18    circumstances with specificity, set forth in detail the reasons why the

19    disclosure to the Expert or Consultant is reasonably necessary, assess the

20    risk of harm that the disclosure would entail, and suggest any additional

21    means that could be used to reduce that risk. In addition, any such motion

22    must be accompanied by a competent declaration describing the Parties'

23    efforts to resolve the matter by agreement (*i.e.*, the extent and the content

24    of the meet and confer discussions) and setting forth the reasons advanced

25    by the designating party for its refusal to approve the disclosure. In any

26    such proceeding, the party opposing disclosure to the Expert or Consultant

ORDER
C18-0573-JCC
PAGE - 12

1    shall bear the burden of proving that the risk of harm that the disclosure

2    would entail (under the safeguards proposed) outweighs the receiving

3    party's need to disclose the Protected Material to its Expert or Consultant.

4  **8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

5      **OTHER LITIGATION**

6    If a party is served with a subpoena or a court order issued in other litigation that compels

7  disclosure of any information or items designated in the Action as "CONFIDENTIAL" or

8  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" then that party must:

9        (a)    notify the designating party in writing, and include a copy of the subpoena

10                or court order forthwith but no later than 72 hours of receiving the

11                subpoena or court order;

12        (b)    promptly notify in writing the party who caused the subpoena or order to

13                issue in the other litigation that some or all of the Material covered by the

14                subpoena or order is subject to this agreement, with such notification

15                including a copy of this agreement;

16        (c)    timely serve an objection to the subpoena under Federal Rule of Civil

17                Procedure 45 if the request is for the production of documents marked

18                CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S

19                EYES ONLY." and

20        (d)    cooperate with respect to all reasonable procedures sought to be pursued

21                by the designating party whose Protected Material may be affected.

22    If the designating party timely seeks a protective order, the party served with the

23  subpoena or court order shall not produce any information designated in the Action as

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

25  determination by the court from which the subpoena or order issued, unless the party has

26  obtained the designating party's permission. The designating party shall bear the burden and

1   expense of seeking protection in that court of its confidential material – and nothing in these

2   provisions should be construed as authorizing or encouraging a receiving party in the Action to

3   disobey a lawful directive from another court.

4         Nothing in this order shall prevent the party from complying with a lawfully issued

5   subpoena unless the designating party timely obtains a protective order or moves to quash the

6   subpoena. However, if the subpoena designates a time of compliance of less than seven days

7   after receipt, then the subpoenaed party will object to afford the designating party an adequate

8   opportunity to seek a temporary stay of the subpoena and/or to obtain a protective order. The

9   non-designating party shall cooperate in the submission of the motion to stay.

10         The provisions set forth herein are not intended to, and do not, restrict in any way the

11   procedures set forth in Federal Rules of Civil Procedure 45(d)(3) or (f).

12   **9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13         If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this agreement, the receiving

15   party must immediately:

16             (a)     notify in writing the designating party of the unauthorized disclosures;

17             (b)     use its best efforts to retrieve all unauthorized copies of the Protected

18                      Material;

19             (c)     inform the person or persons to whom unauthorized disclosures were

20                      made of all the terms of this agreement, and

21             (d)     request that such person or persons execute the "Acknowledgment and

22                      Agreement to Be Bound" (Exhibit A).

23   **10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

24         **PROTECTED MATERIAL**

25         When a producing party gives notice to receiving parties that certain inadvertently

26   produced Material is subject to a claim of privilege or other protection, the obligations of the

1  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

2  provision is not intended to modify whatever procedure may be established in an e-discovery

3  order or agreement that provides for production without prior privilege review. The Parties agree

4  to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

5  **11. NON-TERMINATION AND RETURN OF DOCUMENTS**

6  Within 60 days after the termination of the Action, including all appeals, each receiving

7  party must return all Protected Material to the producing party, including all copies, extracts and

8  summaries thereof with the exception of inaccessible flat files stored on encrypted, offsite

9  backup systems, provided the receiving party represents that such files will be destroyed in the

10  normal course of business, no later than 90 days after the termination of the Action, including all

11  appeals. Alternatively, the Parties may agree upon appropriate methods of destruction of

12  materials excepting inaccessible flat files stored on encrypted, offsite backup systems.

13  Notwithstanding this provision, Counsel are entitled to retain one archival copy of all

14  documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

15  deposition and trial exhibits, expert reports, attorney work product, and Consultant and Expert

16  work product, even if such Material contains Protected Material.

17  The confidentiality obligations imposed by this agreement shall remain in effect until a

18  designating party agrees otherwise in writing or a court orders otherwise.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

ORDER
C18-0573-JCC
PAGE - 15

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated November 8, 2019

By: *s/ Steve W. Berman*

Steve W. Berman, WSBA #12536
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Robert B. Carey (*pro hac vice*)
John M. DeStefano (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 224-2628
Facsimile:  (602) 840-3012
rob@hbsslaw.com
johnd@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
AXLER GOLDICH LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
mgoldich@axgolaw.com

David Woloshin (*pro hac vice*)
Dina S. Ronsayro (*pro hac vice*)
ASTOR WEISS KAPLAN & MANDEL LLP
200 South Broad Street, Suite 600
Philadelphia, PA 19102
Telephone: (215) 790-0100
dwoloshin@astorweiss.com
dronsayro@astorweiss.com

*Attorneys for Plaintiffs*

By: s/ *Jason R. Burt*

Jason R. Burt (*pro hac vice*)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201
jason.burt@lw.com

Kathleen M. O'Sullivan, WSBA No. 27850
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile:  (206) 369-9000
KOSullivan@perkinscoie.com

Kathleen P. Lally (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile:  (312) 993-9767
kathleen.lally@lw.com

*Attorneys for Defendant CCC*

1      PURSUANT TO STIPULATION, IT IS SO ORDERED.

2      IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the

3  production of any material in this proceeding shall not, for the purposes of this proceeding or any

4  other federal or state proceeding, constitute a waiver by the producing party of any privilege

5  applicable to such material, including the attorney-client privilege, attorney work-product

6  protection, or any other privilege or protection recognized by law.

7      DATED this 12th day of November 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0573-JCC
PAGE - 17

**EXHIBIT A**

SUBSCRIPTION TO PROTECTIVE ORDER—

INDEPENDENT EXPERT OR CONSULTANT

I, _____, declare that:

1.    My address is _____ and the name and address of my present employer is _____.

2.    My present occupation or job description is _____.

3.    In addition to other job functions, I am working as a consultant to _____.

4.    My relationship to _____ is _____.

5.    I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Between Plaintiffs and Defendant CCC Information Services Inc. (the "Protective Order") that was issued by the U.S. District Court for the Western District of Washington on _____ in the case of *Olberg, et al. v. Allstate Ins. Co., et al.*, C18-0573-JCC (W.D. Wash. 2018) (the "Action").

6.    I agree to be bound by the all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7.    I agree that I will not disclose any Documents or ESI that I receive designated CONFIDENTIAL, or the contents thereof, to anyone other than those persons listed in Part 4.2 of the Protective Order.

8.    I agree that I will not disclose any Documents or ESI that I receive designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or the contents thereof, to anyone other than those persons listed in Part 4.3 of the Protective Order.

9.    I agree that I will not use any Documents or ESI that I receive designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or the contents thereof, except as expressly authorized by the Protective Order.

ORDER
C18-0573-JCC
PAGE - 18

10.     I agree that, to the extent that my employees are provided with Documents or ESI that I receive designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or the contents thereof, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose or use such Protected Material, except as expressly authorized by the Protective Order.

11.     I agree to maintain all information designated CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, and any other Documents or ESI reflecting such information, that comes into my possession in a separate and identifiable file, access to which is appropriately restricted, and all copies are to remain in my custody until I have completed my assigned or legal duties.

12.     I will return all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information that comes into my possession or that I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

13.     I consent to the exercise of personal jurisdiction by the U.S. District Court for the Western District of Washington in connection with this declaration and my obligations under the Protective Order, even if such enforcement proceedings occur after termination of the Action.

14.     I agree that any disclosure or use of Documents or ESI designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or the contents thereof, in violation of the Protective Order will cause irreparable harm to the producing Party, and therefore agree that the producing Party may pursue a temporary restraining order, preliminary injunction, permanent injunction, and/or other forms of injunctive relief as a remedy.

//

//

//

1          I declare under penalty of perjury that the foregoing is true and correct.

2          Executed this _____ day of _____, 20__ at _____

3     in the State of _____.

4

5                                                            _____
                                                             (Signature)

6

7                                                            _____
                                                             (Print Name)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C18-0573-JCC