THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, an individual *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, an Illinois corporation *et al*., <br><br> Defendants. | CASE NO. C18-0573-JCC <br><br> ORDER |

This matter comes before the Court on the parties' joint submission pursuant to Western District of Washington Local Civil Rule 37(a)(2) (Dkt. No. 72). Plaintiffs seek an order requiring Defendants Allstate Insurance Company and Allstate Fire and Casualty Insurance Company to produce several documents in unredacted form. (*See id*. at 1.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' request for the reasons explained herein.

I.   BACKGROUND

Plaintiffs bring a putative class action suit on behalf of Washington insureds against Defendants, asserting a variety of state law claims arising from Defendants' alleged erroneous valuations of total loss vehicles. (*See generally* Dkt. No. 50.) The Court has entered a protective order restricting the use of confidential information, including documents containing

"proprietary or competitive business information regarding business practices and/or policies" or "financial and/or valuation information," produced in this action. (*See* Dkt. No. 32.)

Plaintiffs have served Defendants with two requests for production seeking documents related to Defendants' valuation of total loss claims. (*See* Dkt. No. 72 at 4–5.)[1] Defendants objected to both requests for production, arguing that they were overly broad, were not relevant or reasonably calculated to lead to the discovery of admissible evidence, or sought proprietary business information. (*See id*.) Defendants have not asserted a claim of privilege as to the documents. (*Id*.) Ultimately, Defendants produced heavily redacted documents in response to Plaintiffs' requests for production. (*Id*. at 2; *see* Dkt. Nos. 73-5, 73-6.) Defendants have provided Plaintiffs with a redaction log stating the grounds for each redaction. (*See* Dkt. No. 74-1.)

Defendants assert that they have redacted portions of the documents that "deal strictly with repairable vehicle claims" or are "non-responsive, irrelevant, and commercially sensitive as they pertain to financial information and personnel that have no bearing on the claims at issue in this suit." (*See* Dkt. Nos. 72 at 3–4, 74 at 1–2.) Defendants further argue that, although a protective order has been entered in this action "and that documents produced herein are not to be used outside this litigation," it should not be required to produce "irrelevant, non-responsive,

---

[1] Plaintiffs' relevant requests for productions read as follows:

**Request for Production No. 24**: Please produce all DOCUMENTS and ESI reflecting communications to, from, or regarding CCC Information Services relating to the application of condition adjustments to the values of comparable vehicles used to value total loss claims, including without limitation all correspondence, requests for proposals, program descriptions, marketing materials, representations about the uses and advantages of the CCC database, and quarterly (and any other periodic) reports and slideshows about adjusted vehicle values, vehicle mix, audit trending, normalized adjusted vehicle values, and average condition adjustment amounts.

**Request for Production No. 34**: Please produce all DOCUMENTS and ESI relating to ALLSTATE's contracts with CCC to value its total loss claims including but not limited to internal communications, negotiations, results of due diligence performed on CCC, and communications with CCC.

(*See* Dkt. No. 72 at 4–5.)

ORDER
C18-0573-JCC
PAGE - 2

yet commercially sensitive information to a nationwide class action plaintiffs' firm[, which] simply provides potential fodder for other unsubstantiated claims in the future." (Dkt. No. 72 at 4.)

Plaintiffs seek an order compelling Defendants to produce unredacted versions of the documents. (*See id*. at 1.)[2] The parties certify that they have met and conferred in good faith pursuant to Western District of Washington Local Civil Rule 37(a)(2)(H) but remain at an impasse. (*See id*. at 2.)

## II. DISCUSSION

Discovery motions are strongly disfavored. The Court has broad discretion in controlling discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26, the concept of relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1).

District courts appear split on the issue of whether a party may unilaterally redact material the party considers nonresponsive or irrelevant from an otherwise responsive document. *See Bonnell v. Carnival Corp.*, 2014 WL 10979823, slip op. at 3 (S.D. Fla. Jan 2014). But the Court agrees with courts in this district that have disapproved of the practice. *See, e.g.*, *Doe v. Trump*, 329 F.R.D. 262, 275–76 (W.D. Wash. 2018); *Krausz Indus., Ltd. v. Romac Indus.*, Case No. C10-1204-RSL, Dkt. No. 165 at 4–5 (W.D. Wash. 2011). Federal Rule of Civil Procedure 34 concerns the discovery of "documents," not portions thereof, and "[i]t is the rare document that

---

[2] Plaintiffs assert that the Bates range of documents at issue is "ALLSTATE006129–947." (*See* Dkt. No. 72 at 11–12.)

1   contains only relevant information; and irrelevant information within an otherwise relevant
2   document may provide context necessary to understand the relevant information." *Trump*, 329
3   F.R.D. at 275–76. "Redaction is generally an inappropriate tool for excluding information that a
4   party considers to be irrelevant or nonresponsive from documents that are otherwise responsive
5   to a discovery request." *Id*. at 275 (collecting cases). Moreover, redaction may render disclosed
6   documents confusing or difficult to use, and lead to "the litigation of collateral issues and the
7   needless expenditure of resources." *Id*. at 276 (citing *In re Medeva Sec. Litig.*, 1995 WL 943468,
8   slip op. at 3 (C.D. Cal. 1995)). The entry of a protective order limiting the use of sensitive or
9   confidential information minimizes the potential harm of disclosing allegedly irrelevant
10  information not subject to a claim of privilege. *See id*.; *Krausz Indus.*, C10-1204-RSL, Dkt. No.
11  165 at 5 (citing *Evon v. Law Offices of Sidney Mickell*, 2010 WL 4554767, slip op. at 2 n.1 (E.D.
12  Cal. 2010)).

13        Absent a claim of privilege, Defendants' assertion that the material at issue is irrelevant
14  to this litigation is insufficient to justify their unilateral redactions of material from otherwise
15  responsive documents. Defendants have not established that the redacted material cannot meet
16  the low bar of relevance under the Federal Rules of Civil Procedure in light of Plaintiffs' claims
17  in this matter. *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund*, 437 U.S. at 351; (*see generally*
18  Dkt. Nos. 50, 72). Further, even assuming the material does not meet this low bar, the extensive
19  nature of the redactions deprives the responsive documents of both context and clarity. *See*
20  *Trump*, 329 F.R.D. at 275–76; (*see, e.g.*, Dkt. No. 73-5). Finally, despite Defendants' concerns
21  about the nature of Plaintiffs' retained counsel, the Court is satisfied that the protective order
22  entered in this case contains sufficient procedural safeguards to protect Defendants' confidential
23  information from improper use beyond this litigation. *See Trump*, 329 F.R.D. at 276; *Krausz*

*Indus.*, C10-1204-RSL, Dkt. No. 165 at 5; (Dkt. No. 32.)[3]

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' request for an order compelling Defendants Allstate Insurance Company and Allstate Fire and Casualty Insurance Company to produce unredacted forms of the responsive documents at issue (Dkt. No. 72) is GRANTED. Defendants Allstate Insurance Company and Allstate Fire and Casualty Insurance Company shall provide Plaintiffs with unredacted versions of the responsive documents at issue in this motion no later than 14 days from the date this order is issued.

DATED this 14th day of November 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not hold that a party may never redact a document on the grounds of irrelevance. However, Defendants have not provided sufficient justification here, especially given the protective order already in place for this litigation.