THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, an individual, CECILIA ANA PALAO-VARGAS, an individual, MICHAEL CLOTHIER, an individual, and JACOB THOMPSON, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois Corporation, and CCC INFORMATION SERVICES INCORPORATED, a Delaware Corporation,<br><br>Defendants. | Case No.: 18-cv-00573 JCC<br><br>**ALLSTATE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION RE REGULATORY ACTION, CUSTOMER COMPLAINTS, LAWSUITS AND ADJUSTING PRACTICES**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 5, 2019** |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Allstate Insurance Company and Allstate Fire and Casualty Company (collectively, "Allstate") hereby notify the Court of supplemental authority in opposition to Plaintiffs' pending motion to compel. [Dkt. 76].[1]  Attached as **Exhibit A** is the Western

---

[1] Per LCR 37(a)(2), Allstate's response in opposition to the motion is included within Plaintiffs' expedited joint submission and was filed on November 5, 2019. [*See* Dkt. 76 at pp. 3-4, 7-12.]

ALLSTATE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL OTHER COMPLAINTS - 1
CASE NO.: 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

District's order entered on November 20, 2019, in the putative class action styled, *Lundquist et al v. First National Ins. Co. of America, et al.*, Western District of Washington at Tacoma, Case No. 18-5301 RJB ("*Lundquist* Order").

Allstate has filed this notice as soon as practicable upon learning of the *Lundquist* Order and requests that this Court consider the same in ruling on Plaintiffs' motion to compel.

In the *Lundquist* Order, the Western District denied a motion to compel virtually identical discovery requests posed to the insurer defendants in the *Lundquist* Action. *See* Exhibit A at p. 3 (discovery at issue). In *Lundquist* the court agreed that "information from out-of-state related activities for different policy holders under different standards and applicable state laws are not relevant to the issues presented here." *Id.* at p. 5. The court therefore held that such discovery, "is either not relevant or is of only marginal relevance" and is not proportional to the needs of the case. *Id.* at p. 5-6. Accordingly, Allstate respectfully requests that the Court consider the enclosed supplemental authority and deny Plaintiffs' motion to compel in its entirety.

DATED: November 20, 2019.

COZEN O'CONNOR

By: */s/ William H. Walsh*
William H. Walsh, WSBA No. 21911
Anusha E. Jones, WSBA No. 52989
999 Third Avenue, Suite 1900
Seattle, Washington 98104
E-mail: wwalsh@cozen.com
aejones@cozen.com

Wendy Enerson (pro hac vice)
Peter J. Valeta (pro hac vice)
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Email: wenerson@cozen.com
pvaleta@cozen.com

***Attorneys for Defendants Allstate Ins. Co. and Allstate Fire and Casualty Ins. Co.***

ALLSTATE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL OTHER COMPLAINTS - 2
CASE NO.: 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Steve W. Berman (WSBA No. 12536)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com<br>*Attorneys for Plaintiffs* | Robert B. Carey (*pro hac vice*)<br>John M. DeStefano (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>11 West Jefferson Street, Suite 1000<br>Phoenix, AZ 85003<br>Telephone: (602) 224-2628<br>rob@hbsslaw.com<br>johnd@hbsslaw.com<br>*Attorneys for Plaintiffs* |
| Marc A. Goldich (*pro hac vice*)<br>AXLER GOLDICH LLC<br>1520 Locust Street, Suite 301<br>Philadelphia, Pennsylvania 19102<br>Telephone: (267) 534-7400<br>mgoldich@axgolaw.com<br>*Attorneys for Plaintiffs* | David Woloshin (*pro hac vice*)<br>ASTOR WEISS KAPLAN & MANDEL LLP<br>200 South Broad Street, Suite 600<br>Philadelphia, PA 19102<br>Telephone: (215) 790-0100<br>dwoloshin@astorweiss.com<br>*Attorneys for Plaintiffs* |
| Kathleen M. O'Sullivan, WSBA #27850<br>Perkins Coie LLP<br>1201 Third Ave., Ste. 4900<br>Seattle, WA 98104<br>P:  206-359-8000<br>kosullivan@perkinscoie.com<br><br>Kathleen P. Lally (pro hac vice)<br>Latham & Watkins LLP<br>330 North Wabash Ave., Ste.2800<br>Chicago, IL 60611<br>P:  312-876-7700<br>Kathleen.lally@lw.com<br><br>Jason R. Burt (pro hac vice)<br>Latham & Watkins LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004<br>P:  (206) 350-5270<br>Jason.burt@lw.com<br>chefling@lw.com<br>*Attorneys for CCC Information Services Inc.* | |

ALLSTATE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL OTHER COMPLAINTS - 3
CASE NO.: 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1    DATED: November 20, 2019.

2                                       */s/ Jan Young*
                                        Jan Young, Legal Assistant
3    LEGAL\43809190\1

ALLSTATE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL OTHER
COMPLAINTS - 4
CASE NO.: 18-CV-00573 JCC

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# EXHIBIT A

|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |

| | |
|---|---|
| CAMERON LUNDQUIST, an individual, and LEEANA LARA, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation, and LM GENERAL INSURANCE COMPANY, an Illinois Corporation, and CCC INFORMATION SERVICES INCORPORATED, a Delaware Corporation,<br><br>Defendants. | CASE NO. 18-5301 RJB<br><br>ORDER ON PLAINTIFFS' MOTION TO COMPEL |

THIS MATTER comes before the Court on the Plaintiffs' Motion to Compel Production of Documents Relating to Regulatory Action, Customer Complaints, and other Lawsuits. Dkt. 130. The Court has considered the pleadings filed regarding the motion and the remaining file.

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 1

In the pending motion, the Plaintiffs move for an order compelling First National Insurance Company of America and LM General Insurance Company ("Insurer Defendants") to produce documents and information regarding regulatory action, customer complaints, lawsuits and adjusting practices in other states that relate to the Plaintiffs' allegations. Dkt. 130. For the reasons provided below, the motion (Dkt. 130) should be denied.

## I.   FACTS

In this putative class action, the Plaintiffs assert that Defendants' practice of using unexplained and unjustified condition adjustments to comparable vehicles when valuing a total loss claim for a vehicle, violates the Washington Administrative Code ("WAC"), specifically WAC 284-30-391 (4)(b) and (5)(d), and so constitutes: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) violation of Washington's Consumer Protection Act, RCW 19.86., *et seq*. ("CPA") and (4) civil conspiracy. Dkt. 90. The Plaintiffs seek damages, declaratory and injunctive relief, attorneys' fees and costs. *Id.*

The class has not been certified. The Second Amended Complaint proposes to define the class as:

> All individuals insured by First National and LMGIC under a private passenger vehicle policy who, from the earliest allowable time to the date of judgment, received a first-party total loss settlement or settlement offer based in whole or in part on the price of comparable vehicles reduced by a "condition adjustment."

Dkt. 90, at 12. The Second Amended Complaint further provides that, "[w]hile the exact number of members cannot be determined, the class consists at a minimum of thousands of persons located throughout the State of Washington." *Id.*

The parties have exchanged written discovery and produced thousands of pages of documents. Dkt. 123-1, at 2-3. As part of that written discovery, the Plaintiffs propounded requests for production and the interrogatory that is at issue here. They are as follows:

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 2

(1) Please provide all DOCUMENTS and [electronically stored information ("ESI")] relating to any previous dispute or discussion about FIRST NATIONAL's application of condition adjustments to the values of comparable vehicles use to value total loss claims.

(2) Produce all DOCUMENTS and ESI relating to investigations, complaints, citations, fines, rebukes or penalties from or by municipal, state or federal agencies, including but not limited to any state government agencies overseeing auto coverage insurance, regarding your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insureds in first-party motor vehicle total loss claims and business practices related thereto.

(3) Produce all DOCUMENTS and ESI concerning prior lawsuits, in the relevant time period filed against you concerning your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insureds in first-party motor vehicle total loss claims.

(4) Produce all DOCUMENTS and ESI relating to complaints made by customers (or their attorneys) concerning your application of condition adjustments to the values of comparable vehicles used to value total loss claim payments to insureds in first-party motor vehicle total loss claims.

(5) Please produce any and all documents relating to "applicable state methodologies" used for requesting, obtaining, and/or generating total loss valuation reports as that term is used in the CCC Valuescope claim services product schedule.

(6) Please list all states where, as a general practice, First National and/or LM General value total loss claims based upon valuation reports from CCC Information Services that do not contain condition adjustments applied to the values of comparable vehicles.

Dkt. 130-1.

On October 5, 2018, the Insurer Defendants objected to those discovery requests to the extent they seek information for activities outside of Washington and agreed to provide the discovery that related to Washington. Dkts. 130-1 and 137.

The Insurer Defendants began collecting their ESI in mid-February 2019 based on over 50 agreed search terms from 50 custodians. Dkt. 137. They finished the ESI collection process in April of 2019. *Id*. They began producing documents on a rolling basis and their final

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 3

production to the Plaintiffs was on September 9, 2019. *Id.* The Insurer Defendants did not produce documents or information relating to complaints, lawsuits, and activities, etc. outside of Washington. *Id.*

The parties conferred several times over this last year and attempted to resolve the issue of whether the out-of-state information would be provided. Dkt. 131, at 2. They were unable to come to a resolution. *Id.* This motion (Dkt. 130) followed.

The deadline for Plaintiffs' motion for class certification is January 31, 2020, the fact discovery deadline is July 31, 2020, the dispositive motions deadline is August 13, 2020, and the trial is set to begin on November 16, 2020. Dkt. 129.

## II. DISCUSSION

### A. STANDARD ON DISCOVERY GENERALLY AND A MOTION TO COMPEL

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

Rule 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that


ORDER ON PLAINTIFFS' MOTION TO COMPEL - 4

the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

### B. THE PLAINTIFFS' MOTION TO COMPEL

The Plaintiffs' motion to compel (Dkt. 130) should be denied. Even broadly construing the term "relevant," the information sought is not relevant to any parties' claims or defenses. The Plaintiffs assert that documents and answer to the interrogatory related to out-of-state regulatory actions, customer complaints, lawsuits and applications of condition adjustments to comparable vehicles outside Washington are relevant to Insurer Defendants' state of mind for the Plaintiffs' claims of bad faith and claims under Washington's CPA, including their request for a treble damages award. Dkts. 130 and 138. They argue that the "Insurer Defendants' knowledge and intent regarding their claims handling practices and the impact of those practices on consumers is highly relevant to the tendency and capacity of those practices to mislead." Dkt. 130.

The claims asserted here are for a proposed Washington class and are made under Washington law. The Insurer Defendants properly point out that information from out-of-state related activities for different policy holders under different standards and applicable state laws are not relevant to the issues presented here. "[T]he fact that there could be evidence that Defendant engaged in bad faith based upon violations of a state statute in a different state with a different insured and possibly different standards, is not relevant to the determination of whether Defendant has engaged in bad faith with respect to its handling of Plaintiff's particular insurance claim." *See Mauna Kea Beach Hotel Corp. v. Affiliated FM Ins. Co.*, 2009 WL 1227850, at *5 (D. Haw. May 1, 2009). The information sought is either not relevant or is of only marginal relevance.

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 5

1     Further, the Insurer Defendants have shown that the discovery sought is not "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Moreover, the Insurer Defendants point out that the Plaintiffs' request for production regarding lawsuits are materials that are publicly available. The motion to compel (Dkt. 130) should be denied.

### C. INSURER DEFENDANTS' MOTION FOR EXPENSES

Under Rule 37(a)(5)(B), if a motion to compel is denied, the court must award reasonable expenses, unless "the motion was substantially justified or other circumstances make an award of expenses unjust."

To the extent the Insurer Defendants move for an award of expenses, the motion should be denied. The motion to compel was substantially justified. An award of expenses would be unjust.

### III. ORDER

It is **ORDERED** that:

- The Plaintiffs' Motion to Compel Production of Documents Relating to Regulatory Action, Customer Complaints, and other Lawsuits (Dkt. 130) **IS DENIED;** and

- To the extent the Insurer Defendants move for an award of expenses, that motion (Dkt. 136) **IS DENIED**; no award of expenses shall be made.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 6

Dated this 20th day of November, 2019.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 7