THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, an individual, *et al.*, <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation, *et al.*, <br><br>　　　　　　Defendants. | CASE NO. C18-0573-JCC <br><br> ORDER |

This matter comes before the Court on the parties' joint submission pursuant to Western District of Washington Local Civil Rule 37(a)(2) (Dkt. No. 76). Plaintiffs seek an order compelling Defendants Allstate Insurance Company and Allstate Fire and Casualty Company to produce documents and information relating to regulatory action, customer complaints, lawsuits, and adjusting practices related to Plaintiffs' allegations that Defendants undervalue total loss motor vehicle insurance claims. (*See id.*) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.    **BACKGROUND**

Plaintiffs bring a putative class action suit on behalf of Washington insureds against Defendants, asserting a variety of Washington state law claims arising from Defendants' alleged

erroneous valuations of total loss vehicles. (*See generally* Dkt. No. 50.) Plaintiffs seek an order compelling Defendants to produce documents related to regulatory activity, customer complaints, and lawsuits outside of Washington State. (*See* Dkt. No. 76 at 2.) Plaintiffs assert that "[t]he fact that these practices are misleading consumers in any state is relevant to Allstate' [sic] state of mind as it carries out these practices in Washington." (*Id*.) Plaintiffs also claim the discovery is "relevant to show the deceptive nature of the practices at issue." (*Id*. at 2–3.) Plaintiffs further seek information regarding Defendants' "adjusting practices outside of Washington State—namely, information as to whether [they] appl[y] condition adjustments to comparable vehicles in other states," arguing that evidence showing that Defendants have refrained from doing so in other states while continuing to do so in Washington is relevant to Plaintiffs' claims of bad faith and consumer deception. (*Id*. at 3.)[1] Defendants argue that Plaintiffs seek to certify a class of Washington policyholders and bring claims arising under Washington law, and therefore the discovery Plaintiffs seek is irrelevant, inadmissible, and disproportionate to the needs of the case. (*See id*.)

## II.   DISCUSSION

Discovery motions are strongly disfavored. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)). In addressing the proportionality of discovery, the Court considers "the importance of

---

[1] Plaintiffs assert that their Requests for Production Nos. 9, 15, 16, 22, and 23 and Interrogatory No. 36 are at issue in this motion. (*See* Dkt. No. 76-1.) Defendants state that Request for Production No. 22 is no longer in dispute as Defendants have already responded and the parties have agreed that it has been addressed. (*See* Dkt. Nos. 76 at 4, 76-1 at 3–4, 77-2 at 2, 78-1 at 2.) Plaintiffs agree that Request for Production No. 22 is no longer in dispute "as long as Allstate's response is not limited by the objection to the geographic scope of discovery." (Dkt. No. 76 at 16 n.8.)

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Plaintiffs seek to represent "all those insured under automobile insurance policies issued in the State of Washington" and bring claims arising under Washington law. (*See generally* Dkt. No. 50.) But the discovery requests at issue are unbounded by geographical limits, (*see generally* Dkt. No. 76-1), and Plaintiffs explicitly seek discovery related to regulatory activity, customer complaints, lawsuits, and adjusting practices outside of Washington, (*see* Dkt. No. 76 at 2). Such discovery does not meet the low bar of relevance to this case. It concerns policyholders outside of the proposed class and insurance policies that are not at issue in this case. And any claims described in the discovery would arise under different statutes and would be evaluated under different standards. *See Surfvivor Media*, 406 F.3d at 635; *Lundquist et al. v. First National Ins. Co. of America et al.*, Case No. C18-0573-RJB, Dkt. No. 140 at 5–6 (W.D. Wash. 2019); *see also Erickson v. Biogen*, Case No. C18-1029-JCC, Dkt. No. 40 at 5–6 (W.D. Wash. 2019) (finding that discovery requests seeking "identification and documentation of all grievances made to the government by employees of Defendant on a nationwide scale" were not relevant to the plaintiff's claims of illegal discrimination and retaliation against her); *Mauna Kea Beach Hotel Corp. v. Affiliated FM Ins. Co.*, 2009 WL 1227850, slip op. at 5 (D. Haw. 2009) (finding that defendant insurer's handling of claims in other states was not relevant, as such claims were "based upon violations of a state statute in a different state with a different insured and possibly different standards").

Further, even assuming that Plaintiffs' sought discovery is marginally relevant,

Defendants have established that it is not proportional to the needs of the case. The discovery is of limited importance in resolving the issues presented, and there is a strong likelihood that the burden of the discovery's production would far outweigh its benefit. *See Surfvivor Media*, 406 F.3d at 635.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' request for an order to compel (Dkt. No. 76) is DENIED.

DATED this 3rd day of December 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE