THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, an individual, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, an Illinois corporation, *et al.*, <br><br> Defendants. | CASE NO. C18-0573-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' motion to extend the case schedule (Dkt. No. 87). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs bring a putative class action suit on behalf of Washington insureds against Defendants, asserting a variety of Washington state law claims arising from Defendants' alleged erroneous valuations of total loss vehicles. (*See generally* Dkt. No. 50.) Plaintiffs now seek a 90-day extension of case scheduling deadlines related to Plaintiffs' motion for class certification and expert disclosures. (*See* Dkt. No. 87 at 1–2.) Plaintiffs argue there is good cause to extend the case schedule because Defendants recently disclosed substantial amounts of discovery and

Defendant Allstate Insurance Company caused delays by producing an incomplete list of class members and failing to produce sample claims files. (*See id*. at 7–8.) Defendant CCC Information Services Incorporated opposes Plaintiffs' motion, arguing that a 45-day extension is sufficient and disputing Plaintiffs' recitation of the parties' discovery conduct. (*See generally* Dkt. No. 90.)[1]

## II. DISCUSSION

Under Western District of Washington's Local Civil Rule 23(i)(3), a plaintiff must move for class certification within 180 days of filing the complaint "unless otherwise ordered by the court or provided by statute." In contrast to this bright line rule, Federal Rule of Civil Procedure 23(c)(1)(A) states, "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."

In *ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018), the Ninth Circuit examined a similar tension between Central District of California Local Rule 23-3, which requires a plaintiff to move for class certification within 90 days of filing the complaint, and Rule 23(c)(1)(A). The Ninth Circuit stated that the "flexible approach" of Rule 23(c)(1)(A) "makes sense," as "[t]he class action determination can only be decided after the district court undertakes a 'rigorous analysis' of the prerequisites for certification." *Id*. at 427 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 338, 350–51 (2011)). The Ninth Circuit noted that "[t]o

---

[1] Plaintiffs' motion for an extension of time was noted for the Court's consideration on February 21, 2020. (*See* Dkt. No. 87.) Defendant Allstate did not file an opposition to Plaintiffs' motion. Instead, on February 28, 2020, Defendant Allstate filed a surreply, stating that "Plaintiffs' reply brief warrants clarification from Allstate." (Dkt. No. 93 at 1.) Plaintiff moves to strike Defendant Allstate's surreply pursuant to Western District of Washington Local Civil Rule 7(g). (Dkt. No. 95.)

Local Civil Rule 7(g) limits the use of surreplies to "requests to strike material contained in or attached to a reply brief." The rule also states that "a surreply filed for any other reason will not be considered." Defendant Allstate's surreply does not ask that any material be stricken from Plaintiffs' reply brief. (*See generally* Dkt. No. 93.) Accordingly, Plaintiffs' motion to strike (Dkt. No. 95) is GRANTED. The Court will not consider Defendant Allstate's surreply in resolving Plaintiffs' motion for an extension of time.

undertake that analysis may require discovery." *Id.* (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)). Ultimately, the Ninth Circuit held "that the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23" and reversed the district court's decision to strike the plaintiff's class certification motion pursuant to Local Rule 23-3. *Id.* at 427 (citing Fed. R. Civ. P. 83(a)(1)).

Here, Plaintiffs have established that their request for additional time is necessary because Defendants have recently produced substantial discovery and because Plaintiffs require additional discovery to properly support their motion for class certification. (*See* Dkt. Nos. 87 at 7–8, 88 at 2–4.) The Court does not take a position on the parties' alleged conduct during discovery. (*See* Dkt. Nos. 87, 90, 91.) However, the Court does find that additional time is necessary to enable Plaintiffs to sufficiently review the discovery produced thus far, obtain outstanding discovery, conduct depositions, and prepare their class certification motion. Granting Plaintiffs this time will in turn enable the Court to perform its "rigorous analysis" of Plaintiffs' motion for class certification. *See ABS Entertainment*, 908 F.3d at 427. Given these circumstances, and because the record shows that Plaintiffs have acted with due diligence but cannot meet the deadlines set forth by the current case schedule, the Court finds good cause to modify the case schedule. *See* W.D. Wash. Local Civ. R. 16(b)(6), 23(i)(3); Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an extension of time (Dkt. No. 87) is GRANTED. The Court hereby sets the following case schedule:

1. Plaintiffs' motion for class certification and expert disclosures are due on May 28, 2020;
2. The deposition of Plaintiffs' class certification experts must be completed by August 11, 2020;
3. Defendants' response to Plaintiffs' motion for class certification and expert disclosures are due on August 11, 2020;

4. The deposition of Defendants' class certification experts must be completed by September 22, 2020; and

5. Plaintiffs' reply in support of their motion for class certification is due on September 22, 2020.

DATED this 17th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE