THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFF OLBERG, *et al.*,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, *et al.*,

Defendants.

CASE NO. C18-0573-JCC

ORDER

This matter comes before the Court on Plaintiffs' third motion for leave to amend their complaint (Dkt. No. 108). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.   BACKGROUND

Plaintiffs seek leave to file a third amended complaint. (Dkt. No. 108.) The Court has already described the allegations in Plaintiffs' current complaint and will not repeat them here. (*See* Dkt. No. 49.) Plaintiffs presently seek leave to amend to (a) include allegations regarding Defendants' use of salvage vehicle values when determining the value of Plaintiffs' vehicles, (b) make minor additions to previous allegations regarding Defendants' use of gray market vehicle values, and (c) request declaratory and injunctive relief regarding Defendants' alleged use of certain condition adjustments and salvage and gray market vehicle values. (*See* Dkt. No. 108-1.)

ORDER
C18-0573-JCC
PAGE - 1

1  Defendants oppose, alleging that such amendments would result in unnecessary delay and

2  prejudice. (*See* Dkt. No. 113.)

3  **II.    DISCUSSION**

4    **A.    Pleading Amendment Standard**

5    A party may amend a pleading once as a matter of course, subject to Federal Rule of

6  Civil Procedure 15(a)(1). "In all other cases, a party may amend its pleading only with the

7  opposing party's written consent or the court's leave. The court should freely give leave when

8  justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has discretion to grant or deny a request

9  to amend, but must provide justification when it denies a request. *Foman v. Davis*, 371 U.S. 178,

10  182 (1962). To determine whether to grant a party leave to amend a complaint, the Court

11  considers a variety of factors, including whether the proposed amendments would result in undue

12  delay or prejudice the opposing party. *See id.*; *see also United States v. Corinthian Coll.'s*, 655

13  F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining

14  . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

15  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); s*ee also DCD*

16  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987).

17    **B.    Undue Delay**

18    Defendants allege that Plaintiffs' unnecessarily delayed discovery of Defendants' alleged

19  use of salvage vehicle data and unreasonably delayed filing their motion to amend based on this

20  information. (Dkt. No. 113 at 8–10.) Defendants allege that Plaintiffs were aware of CCC's use

21  of salvage data at least as early as September 2019, based on a complaint filed in another case by

22  Plaintiffs' counsel, yet did not request discovery on this issue until much later. (*Id.* at 8.) But the

23  information provided by CCC to GEICO is not comparable to that provided to Allstate. (*See* Dkt.

24  No. 115 at 5.) Therefore, it was reasonable for Plaintiffs to wait until they had received

25  information on Defendants' use of salvage data to make the proposed changes here. Defendants

26  also argue that the time period between when Experian agreed to respond to Plaintiffs' subpoena

1    and when Plaintiffs provided Experian with a full list of the VINs for which it sought data was

2    excessive. (Dkt. No. 113 at 9.) The Court is satisfied with testimony from Plaintiffs' counsel

3    explaining this delay. (*See* Dkt. No. 109 at 2.) Finally, the Court does not view the time period

4    from when Plaintiffs received the salvage data information and the filing of the instant motion to

5    be excessive.

6            While Plaintiffs' motion for class certification is presently before the Court, trial has still

7    not yet been scheduled in this matter. The Court would consider a revised briefing schedule, as

8    proposed by the parties, in light of the new allegations contained in Plaintiffs' proposed Third

9    Amended Complaint. (*See* Dkt. Nos. 100, 112.)

10           **C.     Prejudice to Opposing Party**

11           Defendants claim that they would be prejudiced by Plaintiffs' proposed amendment

12   because it would require additional discovery regarding use of salvage data by Defendants in

13   their valuation of Plaintiffs' vehicles. (Dkt. No. 113 at 10–13.) But Plaintiffs have already

14   responded to Defendants' discovery requests relating to whether salvage data was included in

15   Plaintiffs' valuation reports, Defendants have not yet deposed Plaintiffs' experts, and discovery

16   is not yet closed. (*See* Dkt. No. 116 at 2.) Therefore, Defendants' claim of prejudice does not

17   outweigh the reasons for allowing amendment.

18   **III.   CONCLUSION**

19           For the foregoing reasons, Plaintiffs' motion for leave to amend their complaint (Dkt. No.

20   108) is GRANTED. Plaintiffs shall file their third amended complaint, without material

21   modification from the proposed motion provided to the Court, within seven (7) days of this

22   order. Should the parties wish to modify case scheduling orders in this matter (Dkt. Nos. 100,

23   112), they are DIRECTED to so move within seven (7) days from the date of this order.

24   //

25   //

26   //

ORDER
C18-0573-JCC
PAGE - 3

1    DATED this 15th day of October 2020.

2

3

4

5    John C. Coughenour
     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26