THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>   Defendants. | CASE NO. C18-0573-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to seal Plaintiff's motion for class certification and supporting documents (Dkt. No. 103). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Consistent with Federal Rule of Civil Procedure 5.2, Local Civil Rule 5(g), and the protective orders entered in this matter (Dkt. Nos. 32, 83), Plaintiff filed a redacted version of its motion for class certification (Dkt. No. 104) and a sealed unredacted version of the motion (Dkt. No. 106); a sealed declaration from John M. DeStefano with associated exhibits (Dkt. Nos. 107, 107-1–107-22); a sealed declaration from Larry Hausman-Cohen (Dkt. No. 107-23); sealed expert reports by David Schwickerath, Lance Kaufman, William Berglund, and Darrell Harber with associated exhibits (Dkt. Nos. 107-24–27); and a sealed declaration from Elizabeth Gibson

with associated exhibits (Dkt. No. 107-28). The redacted and sealed information contained in these documents has been designated by Defendants' counsel as confidential and/or highly confidential-attorney's eyes only pursuant to the previously entered protective orders in this case. (Dkt. Nos. 103 at 2, 110 at 2–4; *see* Dkt. Nos. 32, 83.) Defendants assert the documents contain proprietary information that could be used by competitors against Defendants if made publicly available. (Dkt. Nos. 103 at 2–4, 110 at 4–6.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). That right is reduced when applied to confidential and proprietary business records. *Id.* at 1179; *see In re Electronic Arts,* 298 F. App'x 568, 569 (9th Cir. 2008). This is particularly true for records attached to nondispositive motions. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115 (9th Cir. 2012).

The motion at issue is a class certification motion (Dkt. No. 104). While courts may consider the merits of a party's underlying claim in ruling on such motions, the primary consideration for the Court is whether the class device is appropriate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011). This Court considers the class certification motion here to be nondispositive. On this basis, it applies the "good cause" standard articulated in Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180. Therefore, only a "particularized showing" of harm from disclosure is required. *Id.*

The Court has reviewed the records at issue and concluded that a showing of harm has been made in the instant matter. Disclosure of the sensitive information included in the records would cause irreparable harm to Defendants because it would provide Defendants' competitors information about how it conducts its business.

For the foregoing reasons, Plaintiffs' motion to seal (Dkt. No. 103) is GRANTED. The Clerk is DIRECTED to maintain under seal Docket Numbers 106 and 107-1 through 107-28.

ORDER
C18-0573-JCC
PAGE - 2

1   DATED this 31st day of March 2021.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0573-JCC
PAGE - 3