THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF OLBERG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, *et al.*, <br><br> Defendants. | CASE NO. C18-0573-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' unopposed motions to seal (Dkt. Nos. 135, 145). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

Consistent with Federal Rule of Civil Procedure 5.2, Local Civil Rule 5(g), and the protective orders entered in this matter (Dkt. Nos. 32, 83), Defendants CCC Information Services, Inc. and Allstate Fire and Insurance Company filed redacted opposition briefs (Dkt. Nos. 140, 150) to Plaintiffs' motion for class certification along with sealed unredacted versions of the briefs (Dkt. Nos. 139, 146) as well as a variety of sealed declarations and exhibits supporting their briefs (Dkt. Nos. 138, 142, 144, 151, 152, 153). Defendants assert the documents contain proprietary information that could be used by competitors against Defendants if made publicly available. (*See* Dkt. Nos. 135 at 3–5, 145 at 3, 154 at 3–4.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, that right is reduced when applied to confidential and proprietary business records. *Id*. at 1179; *see In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008). This is particularly true for records attached to nondispositive motions. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115 (9th Cir. 2012).

The motion at issue seeks class certification. (*See* Dkt. No. 104.) While courts may consider the merits of a party's underlying claim in ruling on such motions, the primary consideration for the Court is whether the class device is appropriate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011). Accordingly, the Court considers the relevant motion here to be nondispositive. On this basis, it applies the "good cause" standard articulated in Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180. Therefore, only a "particularized showing" of harm from disclosure is required. *Id.*

The Court has reviewed the records at issue and concluded that disclosure of the sensitive information included in the documents would cause irreparable harm to Defendants because it would provide Defendants' competitors information about how they conduct their businesses.

Defendants' motions to seal (Dkt. Nos. 135, 145) are GRANTED. The Clerk is DIRECTED to maintain under seal Docket Numbers 138, 140, 142, 144, and 150–153.

DATED this 2nd day of June 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE